## Edward Thursby, assignee of Henry Vanderslice, plaintiff in error *against* administrators of William Gray.

A creditor is not bound to sue on a bond when the same becomes due, under the penalty of losing the surety therein.

WRIT of error to the Common Pleas of Northumberland county. The case was this, as stated by Mr. President COOPER, in his written opinion filed, agreeably to the act of assembly.

The suit was brought in debt on bond. Plea payment with leave to give the special matter in evidence. It appeared on the trial at Sunbury, 27th August 1806, that on the 8th February 1803, there was a sale of goods taken in execution as the property of James Cummings, esq., when William Spring became a purchaser to a considerable amount. On the 11th February *1803, the said William Spring, together with William [519* Gray, since deceased, entered into a joint obligation for the payment of 125l. on the 10th August following. The goods sold to that amount were sold to Spring only, Gray having purchased only to the amount of 1l. 16s. at the sale, which were charged to Spring, and not to Gray. Spring was the principal and Gray no more than the surety in this transaction. It appeared in evidence, that Spring was a storekeeper in credit and reputation, carrying on an extensive trade at Northumberland and afterwards at Columbia, from the time of the purchase to the month of November 1804, during which time he might have been applied to for the amount of the bond with reasonable prospect of success; but in the fall of that year, his circumstances became, and have ever since remained desperate. This suit was brought to January term 1806, and upon the whole circumstances of the case, the court were of opinion that if Gray was considered as the surety of Spring, he was surety no longer than till the money became due, according to the tenor of the obligation. A surety is entitled to say, "I will guaranty the "principal to such a day and no longer;" and if the obligee chooses to trust the principal a longer time, he does it at his own risk, and not at the risk of the surety.

The jury found for the defendants, and judgment was rendered for them; wheupon this writ of error was brought.

The court desired the counsel for the defendants in error to begin.

[Thursby, in Error, *v.* Gray's Adm'rs.]

They contended, that their clients were not answerable. The cases in the courts of equity were very strong on this head; and there was no reason why their doctrines should not be extended to this state. Chancery has relieved a surety, where the bond was continued twelve years, without the plaintiff's privity. So the heir of a surety has been relieved. 20 Vin. 104. pl. 2, 3, cites Toth. 279, 280. A creditor who gives the principal debtor a further time for payment, thereby releases the surety. Nisbet *v.* Smith *et al.*, 2 Bro. Ch. Rep. 579. · The same point was afterwards decreed in Rees *v.* Berrington. 2 Ves. jr. 540. In Straton *v.* Rastall, 2 Term Rep. 370, BULLER, J. truly says, that as against a surety, a contract cannot be carried beyond the strict letter of it. It could never have been contemplated by Gray, or any reasonable mind, that he was surety for the money in any other event, than the insolvency of Spring, when the money became due. At that period, and for fifteen months afterwards, the principal was in good credit and able to pay the debt. If a loss has happened by the obligees not demanding the money, when it became due, it was his own fault; but his negligence *shall not be visited on an innocent surety. See Law *v.* the East India Company, 4 Ves. jr. 824.

The court stopped Mr. Watts, who was proceeding to the argument on the part of the plaintiff.

They saw no necessity of determining in this case, how far the decrees in chancery on this subject were applicable to our system of laws, or whether the constitution of our courts would permit an exercise of jurisdiction upon the principles of those decrees. It was sufficient to observe, that equity would not give relief in such an instance as the present to the surety, even in England. To oblige a creditor to bring a suit against the principal, immediately upon the day of payment of an obligation, would be injurious as well to the surety as the principal; and such an idea had never prevailed at any period in Pennsylvania.

YEATES, J. said that it had been determined in the Circuit Court at Lancaster, between Dehuff and Turbett's executors, that the grounds of the equity jurisdiction between surety and principal failed under our system, as to the point in question. No action had ever yet been framed in a court of law, in nature of a bill in equity, by a surety to compel his principal to take up the joint bond, or against the creditor to compel him to bring suit; but it had not been asserted, that no conduct whatever of the creditor should discharge the sureties.

Judgment reversed, a new trial awarded, and the record remitted.

Messrs. Hall and Evans for the defendants.

Cited in 8 S. & R. 112 to show that the mere omission by a creditor to bring suit against the principal debtor, does not discharge the special surety.