Parker, C. J.
If the written agreement, which is averred in the plea in bar, had been a sealed instrument, it would be construed to be a perpetual covenant not to sue John Thatcher for the debt of the company. For although, by the terms of the agreement, the plaintiffs contracted only not to serve any writ, or levy any execution upon Thatcher, which might issue after the date of the agreement against the company, yet the intent and effect of it was, without doubt, to exonerate and discharge Thatcher from the debt of the company, in consideration of his having paid one half of it out of his private effects.
But there is a technical objection at common law to the plea, founded upon the rule, that no specialty can be avoided but by an instrument of as high a nature; and the judgment which is sued, being a security of the highest character, cannot by the common law be avoided by a writing not under seal.
We think, however, that the operation of our statute for the set tlement and distribution of insolvent estates (2), must necessarily control the common law, where the application of its rules will be repugnant to the provisions and general intent of the statute.
It is stated in the plaintiff’s declaration, that the judgment now sued, has been filed before the commissioners appointed [ * 27 ] by the judge of probate to receive and examine * the claims against the estate of the defendant’s intestate. We must, therefore, conclude that his estate has been represented insolvent. The plaintiffs then have no right to an action at common law, but only in pursuance of the statute; which gives an action in the nature of an appeal, when the claim shall be rejected by the commissioners. When the action is thus brought, whatever would have been a good answer to the claim before the commissioners, must be a sufficient defence in Court. Otherwise a different rule would prevail, between those demands which are adjusted by the commissioners, and those which are adjudicated according to the statute, in Court. Now, as the commissioners undoubtedly had authority to reject the claim of the plaintiffs, upon seeing the agreement which is *23 pleaded in bar of this action, we think it clear that the Court, sustaining the action by virtue of the same statute which gave authority to the commissioners, may proceed upon the same principles as to set-offs, and all other equitable defences, which might lawfully govern the commissioners; and in this view, without infringing upon any common law rule, may well decide that the plea in bar is good (3).
It was said in the argument that the defendant’s remedy is to sue the plaintiffs upon their agreement, and recover his proper damages for the breach of it. But it would be absurd, as well as unjust, to give him this shadow of a remedy, when the substance can be obtained in the present action. If the true intent and effect of the agreement is to release the intestate’s estate from all the debts of the company to the plaintiffs, then the damages must be equivalent to the debt to be recovered in this action. These, when recovered, would go to the administrator, to be distributed among the creditors. The present plaintiffs, upon this supposition, will still stand as creditors, and claim a dividend upon the very sum they pay as damages for the breach of their promise. Then a new action must be brought by the administrator ; and so on, until the pursuit is given up from the insignificance.of the sum to be claimed.
* These results show the necessity of admitting this en- [ * 28 ] gagement in defence to the action ; and as we confine our opinion to the case before us, which we do not consider as an action at common law, we infringe no rule of pleading, nor any principles of the common law, in maintaining the defence.

Defendant’s plea in bar adjudged good.

 Stat. 1784, c. 2.

 [Sed Quaere. The statute prescribes no role of proceeding in these cases, to make them differ in this respect from other actions at law. In this case, if the instrument had been under seal, it could not have operated as a release. Hutton vs. Eyre, 6 Taunt. 289. —1 Marsh. 203. —Shed vs. Pierce & Al. 17 Mass. 623. —Ruggles vs. Patten. 8 Mass. 480. —Ed.]