LYMAN, ADX. *v.* ESTES.

An equitable claim, against an insolvent estate, though never presented to the commissioners, may still be shewn by way of set-off to an action of *assump-sit* brought by the administrator.

*Assumpsit* upon a promissory note made by the defendant, payable to *Moses Lyman* the plaintiff's intestate.    In a case stat-ed for the opinion of the Court the parties agreed upon the fol-lowing facts.

The consideration of the note was the warranty-deed of the intestate to the defendant, of certain lands in the town of *Bruns-wick*.    These lands were part of a tract sold to the defendant and others by the intestate, and which was conveyed with the

usual covenants of warranty. After the sale, and delivery of
the deeds, it was ascertained by the grantees that the whole
tract thus sold had been previously mortgaged by *Lyman* for a
large sum, and that the mortgage deed had been duly registered
before the conveyance to the defendant and others ; and after
the death of *Lyman* the mortgagee entered into said tract for
breach of the condition of the mortgage, and obliged the grantees,
in order to redeem the land, to pay the balance due to him from
*Lyman,* of which the defendant's proportion was one hundred
and one dollars and nineteen cents. *Lyman* died insolvent, and
a commission of insolvency was duly taken out, but the defend-
ant never had exhibited his demand before the commissioners.

The question submitted to the Court was—whether the mon-
ey thus paid by the defendant to extinguish the title of the mort-
gagee might be offset against the demand of the administratrix
in this action.

*Emery* for the plaintiff.

*Mitchell* for the defendant.

Mellen C. J. delivered the opinion of the Court as follows.

The equity of this case is clearly with the defendant ; and
if the deduction claimed by him cannot be made, the most man-
ifest injustice will be the consequence. In a Court of equity
there would not be a moment's hesitation. The plaintiff's
counsel seems to admit all this ; but contends that *by law* it is
not competent for the Court in this action to make the allow-
ance and deduct it from the sum due on the note.

Our statutes relative to the settlement of insolvent estates,
contemplate a fair adjustment of all demands subsisting between
the deceased and his creditors at the time of his death ; so that
the balance *justly due* to the estate may be collected, and then
fairly distributed among the creditors. In the case of *M'Don-
ald v. Webster,* 2 *Mass.* 498. the Court decided that a sum due
on account from such an estate, which had never been present-
ed to the commissioners, and was therefore barred *as a claim,*
may still be good by way of *set-off,* in an action brought by the
administrator, against the person having such a claim.

A creditor cannot maintain an action against the adminis-
trator of an insolvent estate, except to decide the merits of a

claim rejected by the commissioners.  If, in the present in-
stance, the defendant could support an action on the covenants
of the intestate to recover the sum paid to the mortgagee, no
injustice could be done.   The Court would so control the pro-
ceedings as to give the defendant an opportunity to bring a
cross action and obtain his judgment.   The mutual judgments
might then be set off against each other;—or, if executions
were issued, the officer holding the execution against the de-
fendant would be bound to offset the defendant's execution
against the plaintiff, and deduct the amount therefrom.   But as
such a course cannot here be legally pursued, we ought to al-
low the same justice to the defendant, by considering the sum
paid to the mortgagee, as to all equitable purposes, paid to the
administrator.   And no principle of law forbids this construc-
tion in the present case.   The sum paid has already gone to
the benefit of the estate, because it has discharged a debt which
the estate owed, and removed an incumbrance which lessened
its value ; and neither law nor justice requires that it should be
paid a second time ; and by him, too, who has paid it already.
The strict principles of the common law, and technical rules of
pleading must not be applied to cases where the parties have
not mutual remedies at law, which they can enforce, as in cases
of insolvency.

In the action of  Sewall & al. v. Sparrow, administrator of John
Thacher, decided in this county and not yet reported,* the Court
recognized a principle which sanctions the distinction we make
between solvent and insolvent estates.   Sewall & al. declared
on a judgment recovered against Thacher the intestate, which
had been presented to, and rejected by, the commissioners on
the estate, which was deeply insolvent ;—and the action was
pursued according to the provisions of the statute in such cases.
The defendant pleaded that the intestate had paid a part of
the judgment to the creditors, and that they thereupon entered
into an agreement with him in writing, not under seal, never to
demand the balance, or sue execution.   On demurrer to this
plea the Court decided that it was an equitable bar, and un-
questionably good before the commissioners, and ought to be a
substantial bar to the action ; and so it was adjudged.   The

Since published in 16 Mass. 24.

injustice which would have been the consequence of rejecting such defence in cases of insolvency, was the principal ground of the decision.

We are not aware that our present opinion violates any principles of law as heretofore applied in other cases. We mean only to decide that such principles are not applicable with the same strictness and to the same extent in those cases where one of the parties represents an insolvent estate under administration; and when such application interferes with the design, or opposes the spirit of our statute-provisions relating to the equitable settlement and distribution of such an estate.

Accordingly the sum of one hundred and one dollars and nineteen cents paid to the mortgagee must be deducted from the note declared on, and judgment be entered for the plaintiff for the balance.