Wilde J.
The first ground of defence in this action is the presumption of payment arising from lapse of time. But this presumption is effectually rebutted by the partial payments made by Ellis, one as late as the year 1815, which are equivalent to an express acknowledgment of an existing debt. As to the legal effect of these payments the two defendants stand on the same footing; The contract being proved, the admission of one is the admission of both. If one of several joint promisors acknowledges the debt within six years, it will take the case out of the statute of limitations as to the other promisors. Whitcomb v. Whiting, 2 Doug. 652 ; Jackson v. Fairbank, 2 H. Bl. 340 ; Smith v. Ludlow, 6 Johns. R. 267.[1] A fortiori will a like admission, *619 whether express or implied, be sufficient to repel a mere presumption. If there were any proof of collusion between the creditor and the principal, to throw the debt on the surety and to deprive him of his indemnity, without doubt he wr* d be entitled to relief,[1] but nothing of this is pretended ; and is very clear, therefore, that on this ground the defence cannot be maintained.
Another ground of defence, and that upon which the surety principally relies, is the long delay of the creditor to proceed against the principal, until he became insolvent. This prolongation of credit, it has been argued, has been the means of depriving the surety of his indemnity, and ought therefore to absolve him from his liability. And the cases of Pain v. Packard, 13 Johns. R. 174, and King v. Baldwin, 17 Johns. R. 384, have been cited in support of this position. It should not escape remark, that the Court of Errors, in the latter case, were nearly equally divided. Nevertheless, admitting the principle on which that case and the case of Pain v. Packard were decided, it does not follow that this action cannot be maintained. In both those cases the creditor was *620 requested by the surety to proceed against the principal, and opinion of the court was placed wholly on that fact. And it is expressly admitted, that without such request the surety would have been bound by his contract. The principle which is laid down in all the cases is recognised, that the mere delay of the creditor to proceed against the principal is not sufficient to discharge the surety. The same doctrine is laid down in the case of Fulton v. Matthews, 15 Johns. R. 433. “ The holder of a note,” says Spencer C. J., “ ought to be fairly and fully apprized by the surety that he is required to prosecute the principal. A delay to sue, or even a discontinuance of a suit brought, cannot absolve the surety from his liability, if he is passive and takes no measures indicating to the holder of a note, that he insists on his proceeding against the principal.” The like doctrine was adhered to in the case of Powell v. Waters, 17 Johns. R. 176. So in the cases of Wright v. Simpson, 6 Ves. 734; The Trent Navigation Company v. Harley, 10 East, 34. And in Peel v. Tatlock, 1 Bos. & Pul. 419, and in Dehuff v. Turbstt’s Ex’rs, 3 Yeates, 160, and in Hunt v. United States, 1 Gallison, 35, and in Ludlow v. Simond, 2 Gaines’s Cas. in Er. 30, the same doctrine is recognised. It seems therefore to be a well established principle, and too plain to admit of doubt, that mere delay, unaccompanied with fraud or an agreement not to prosecute the principal, does not discharge the responsibility of the surety. And such an agreement not to prosecute as will discharge the surety must be, as Chief Justice Gibbs remarks in the case of Orme v. Young, 1 Holt’s N. P. Cas. 87, binding on the cred itor, “ depriving himself of the power of suing by something obligatory, which prevents the surety from coming into a court of equity for relief; because the principal having tied his own hands the surety cannot release them.” If there is no such obligatory agreement not to prosecute, the surety cannot be absolved from his liability without applying to a court of equity, or at least without requesting the creditor to proceed against the principal. The surety is a guarantee, and therefore it is his business to see that the principal pays. If he lies by, and the insolvency of the principal intervenes, he must abide by the loss and cannot throw it upon the creditor. The only *621 semblance of authority for a contrary doctrine is to be found in a loose note in Tothill, 279, temp. Jac. 1, but as Chancellor Kent remarks in the case of King v. Baldwin et al. 2 Johns. Ch. R. 554, it “is so very im^/cifect, and so destitute of facts and circumstances, as to be altogether unfit to serve as a guide, and unworthy to be cited as authority.”
Upon the whole, it seems to be well settled, and as we think, on the soundest principles of law and equity, that the delay of the creditor to proceed against the principal, without some binding contract to that effect, will not discharge the surety[1] unless the creditor is requested to proceed against the principal and he neglects or refuses so to do ; which, according to the cases of Pain v. Packard and King v. Baldwin, will be sufficient to discharge the surety.[2] Most certainly this is going far enough in favor of sureties. If they will neglect to take any step for their own security, and the principal fails, they cannot complain of the creditor or of the law, if they suffer by their negligence.1 *[3]

Judgment for the plaintiff.

 Frye v. Barker, 4 Pick. 384, 385 ; Bound v. Lathrop, 4 Connect. 336 ; Ward v. Howell, 5 Harr. & Johns. 60 ; Pernam v. Raynall, 9 Moore, 566 Hopkins v. Banks, 7 Cowen, 653 ; Shelton v. Cocke, 3 Munf. 191 ; White v *619 Hale, 3 Pick. 291 ; Hathaway v. Haskell, 9 Pick. 42 ; Getchell v. Heald, 7 Greenl. 26 ; Burleigh v. Stott, 2 Manning & Ryland, 93 ; Patterson v. Choate, 7 Wendell, 441 ; Coit v. Tracy, 9 Connect. R. 1 ; Austin v. Bostwick, id. 496. But see Bell v. Morrison, 1 Peters, 373 ; Levy v. Cadet, 17 Serg. & Rawle, 126 ; Searight v. Craighead, 1 Pennsylvania R. 135; in which cases it is held, that the acknowledgment of a debt barred by the statute of limitations is not the mere continuation of the original promise, but a new contract springing out of, and supported by the original consideration. And Mr. Justice Wilde, in Cady v. Shepherd, 11 Pick. 408, admits, that if this principle is conceded, the conclusion drawn from it is just.
See further on this subject, Atkins v. Tredgold, 2 Barn. & Cress. 23, Slater v. Lawson, 1 Barn. & Adol. 396 ; Bland v. Haselrig, 2 Ventr. 151 ; Pittam v. Foster, 1 Barn. & Cress. 248 ; 3 Kent’s Comm. (2d ed.) 50, 51 ; Wylde v. Porter, 3 Neville & Man. 586.
It is held in Gardiner v. Hutting, 5 Greenl. 140, that an acknowledgment of the debt, or a new promise, by the maker of a promissory note, takes it out of the statute of limitations only so far as he is concerned; and does not affect the rights or obligations of collateral parties. See also Theobald on Principal and Surety, 112,113, (1 Law Libr. 67); Revised Stat. c. 120, §14.
1 See Sailly v. Elmore, 2 Paige, 497 ; Ramsay v. Westmorland, 2 Pennsylvania R. 203 ; Baker v. Briggs, 8 Pick. 130 ; Hall v. Wilcox, 2 Moody & Malk. 58 ; Dixon v. Ewing, 3 Ohio R. 802 ; Bellows v. Lovell, 4 Pick. 155.

 See Kennebec Bank v. Tuckerman, 5 Greenl. 130 ; Gahn v. Niemcewicz, 11 Wendell, 317, 318 ; Reynolds v. Ward, 5 Wendell, 501 ; Oxford Bank v. Lends, 8 Pick. 458 ; Blackstone Bank v. Hill, 10 Pick. 129 ; McKenney v. Waller, 1 Leigh, 434 ; Braman v. Howk, 1 Blackford, 392 ; Clagett v. Salmon 5 Gill & Johns. 314.

 See Crane v. Newell, post, 614, n. (1).

 The doctrine, that a mere delay of a creditor to sue the principal does not discharge a surety, is recognised in the following cases. Locke v. The United States, 3 Mason, 446 ; Oxford Bank v. Lewis, 8 Pick. 458 ; Blackstone Bank v. Hill, 10 Pick. 129 ; Fullam v. Valentine, 11 Pick. 156 ; Archer v. Hale, 4 Bingh. 464 ; Bank of Ireland v. Beresford, 6 Dow, 238 ; Eyre v. Everett, 2 Russell, 381 ; Heath v. Key, 1 Young & Jerv. 434 ; Nares v. Rowles, 14 East, 514 ; Lond. Ass. Co. v. Buckle, 4 B. Moore, 153 ; Goring v. Edwards, 6 Bingh. 94 ; S. C. 3 Moore & P. 259 ; Combe v. Woolf, 8 Bingh. 156 ; Howell v. Jones, 1 Crompton, Mees. & Rosc. 97 ; United States v. Kirkpatrick, 9 Wheat. 737 ; Dox v. Postmaster General, 1 Peters ; 326 ; Buchanan v. Bordley, 4 Harr. & M‘Hen. 41 ; Hunt v. United States, 1 Gallison, 32 ; Burn v. Poaug, 3 Desaus. 604 ; Dehuff v. Turbett, 3 Yeates, 157 ; Thursby v. Gray, 4 Yeates, 518 ; Cope v. Smith, 8 Serg. & Rawle, 110 ; Commonwealth v. Wolbert, 6 Binn. 292 ; Fulton v. Matthews, 15 Johns. R. 433 ; Powell v. Waters, 17 Johns. R. 176 ; The People v. Russell, 4 Wendell, 570 ; Townsend v. Riddle, 2 N. Hamp. R. 448, Lenox v. Prout, 3 Wheat. 524 ; McKenney v. Waller, 1 Leigh, 434 ; Wayne v. Kirby, 2 Bailey, 551 ; Treasurers v. Johnson, 4 M'Cord, 458 ; Shu *622 brick v. Russel, 1 Desaus. 315 ; Braman v. Howk, 1 Blackford, 392 ; Strafford Bank v. Crosby, 8 Greenl. 191.
And it is no defence at law to an action on a bond against a surety, that by a parol agreement time has been given to the principal; Davy v. Prendergrass, 5 Barn. & Ald. 187 ; Bulteel v. Jarrold, 8 Price, 467 ; Lond. Ass. Co. v. Buckle, 4 Moore, 153 ; Nares v. Knowles, 14 East, 510 ; Blennerhasset v. Pierson, 2 Lev. 234 ; Hough v. Warr, 1 Carr. & P. 151 ; Calvert v. Gordon, 1 Manning & Ryl. 497 ; S. P. Blackstone Bank v. Hill, 10 Pick. 129 ; Farley v. Thompson, 15 Mass. R. 18 ; Sewall v. Sparrow, 16 Mass. R. 24 ; Fullam v. Valentine, 11 Pick. 156; though that circumstance might induce a court of equity to interfere. Archer v. Hale, 1 Moore & P. 285 ; 3 Moore & Scott, 527 ; Bulteel v. Jarrold, 8 Price, 467.
For cases where an agreement by the creditor to give time to the principal debtor has been held to discharge the surety, see Butler v. Hamilton, 2 Desaus. 226 ; Ludlow v. Simond, 2 Caines’s Cas. in Err. 1 ; Hill v. Bull, Gilmer, 149 ; Jones v. Bullock, 2 Bibb, 467 ; Baird v. Rice, 1 Call, 18 ; Commonwealth v. Vanderslice, 8 Serg. & Rawle, 452 ; G. Bank v. Woodward, 5 N Hamp. R. 99; Bank of Steubenville v. Hoge, 6 Ohio R. 17.
For cases where change in the risk of surety will discharge him, see Craig v. Cox, 2 Bibb, 309 ; Boston Hat Manufacturing Co. v Messinger, ante, 235 n. 2.