## Case No. 5,614.

### GORDON v. LEWIS et al.

[2 Sumn. 628.] [1]

Circuit Court, D. Maine. Oct. Term, 1837.

#### EQUITY—SET-OFF.

1. An interlocutory decree was made in equity, by which the executors of A. Lewis, were chargeable with the sum of $1891,05 on account of rents and profits due to the plaintiff, Jesse Gordon. A petition was now filed, praying that a certain sum, amounting to $1071,25, due from John Gordon, to the executors, might be set-off against the foregoing sum; it being alleged that Jesse Gordon, the plaintiff, was a mere nominal party, and that John Gordon was the real party in interest, and was insolvent. It did not appear, that there was any mutual credit between A. Lewis and John Gordon, or any express or implied agreement of set-off. *Held*, that the proceedings had passed that stage, when the claim of set-off could be entertained; that the question, whether Jesse Gordon was a nominal party or not, cannot be investigated in a collateral proceeding, like the present; that the proper course would have been to file a cross bill at an earlier stage, or now to institute an original bill, in some competent court; and that the insolvency of John Gordon does not per se constitute a sufficient equity to induce a court of equity to sustain the set-off.

2. In matters of set-off, equity follows the law; and the fact of the existence of mutual demands without some intervening equity between the parties, would not justify a court of equity in allowing a set-off. Semble, that the mere insolvency of one of the parties, does not constitute such an equity.

[Cited in Farmers' Loan & Trust Co. v. Northern Pac. R. Co., 58 Fed. 266.]

[This was a bill in equity brought by Jesse Gordon, as assignee. against Archelaus Lewis and the Portland Manufacturing Company, for the redemption of certain mortgaged premises. The court rendered a decree in favor of the plaintiff, and referred the cause to a master to take an account. Case No. 5,612.]

This case was formerly before the court upon exceptions to the master's report [Case No. 3,613]. The decree thereupon entered at May term, 1835, was as follows:

It is ordered, adjudged and decreed by the court, that the report of the master be, and do hereby stand confirmed, in all respects, in which it is not altered or varied by this present decree. And it is further ordered, adjudged and decreed, inasmuch as it appears in and by the report aforesaid, that the original mortgage to Mark Haskell in the proceedings mentioned, under which the defendants claim title by assignment thereof, has been long since satisfied and extinguished, that the said Portland Manfacturing Company, do forthwith and immediately, surrender and deliver up to the plaintiff, the possession of the premises: and, that unless the same be done, on or before the eighth day of September next, that a writ of possession, in the nature of a writ of habere facias possessionem, do issue from the clerk's office in due form of law, for the possession of the same premises; and that the plaintiff also do have execution against the defendants, for his costs in the premises up to the present time. And it is further ordered, adjudged and decreed, that the said Daniel Fox and Josiah Pierce, as executors of the said Archelaus Lewis, do from the assets of the said Lewis in their hands, if any such there be, pay into court the sum of eighteen hundred and ninety-one dollars and five cents, being the amount of the surplus rents and profits received by the said Lewis, from and after the satisfaction and extinguishment of the said Haskell mortgage, viz. from and after the twenty-third day of April, A. D. one thousand eight hundred and eighteen, to the time of the sale of the said mortgaged premises to the said Portland Manufacturing Company, viz. to the third day of August, A. D. one thousand eight hundred and thirty-one. And that the said Portland Manufacturing Company do pay into court the sum of eighty-six dollars and ninety cents, being the amount of interest allowed by the master, as and for an occupation rent, or what might have been received by them, as rents and profits of the said mortgaged premises, since their purchase thereof as aforesaid. And it is further ordered, adjudged and decreed, that the charge of interest upon such surplus rents and profits received by the said Lewis according to the annual rents made by the

---

1 [Reported by Charles Sumner, Esq.]

master and contained in his report, be, and hereby is, under all the circumstances of the present case, disallowed. And it is further ordered, adjudged and decreed, that the said several sums of money so ordered to be paid into court, be so paid into court on or before the first day of October next, by the parties respectively; otherwise, process in the nature of an execution as for a specific performance, is to issue against the parties respectively for the same. But the said Fox and Pierce, executors as aforesaid, are to be at liberty at the term of this court, to be held on the first day of October next at Wiscasset, within and for this district of Maine; to show what assets they have in their hands, or whether they have any assets in their hands of the said Lewis to pay the said sum; and if they shall not appear at the said time and place, or shall not render a due account of the assets of said Lewis in their hands, as they shall be ordered and required by the court, then they shall be taken to have confessed that the assets in their hands, are sufficient to pay the sum aforesaid, and be held chargeable therewith accordingly. And all parties interested, or claiming an interest in the sums so to be paid into court, shall, when the same shall be so paid into court, be at liberty to apply by supplementary proceedings, to have their respective rights thereto ascertained and established. And all further orders and decrees are reserved for the consideration of the court.

At May term, 1836, the executors of Archelaus Lewis filed a petition to the court, in substance as follows:

Josiah Pierce, of Gorham, in said district, and Daniel Fox, of said Portland, executors of the last will and testament of Archelaus Lewis, late of Westbrook, in said district, respectfully represent, that at May term of this honorable court, A. D. 1835, in the suit in equity, in which Jesse Gordon was plaintiff against them and the Portland Manufacturing Company, they were ordered by the decree of said court, to pay into court $1,891.05, from the assets of said Lewis in their hands, if any such there be; with liberty for them to show to the court what assets they have in their hands, which they did at the last term of the court. That said sum of $1,896.05 was for rents, which accrued long before the conveyance was made by John Gordon to Jesse Gordon, as hereafter stated, and did not pass to said Jesse by said conveyance, but belonged to said John, and still belong to him, subject to the equitable claim, which they the said Pierce and Fox have against the same as executors of said Archelaus Lewis, as hereafter stated. And it was further ordered and decreed, that all parties interested, or claiming an interest, in the sum so to be paid into court shall, when the same is paid into court, be at liberty to apply by supplemental proceedings to have their respective rights thereto as-

certained and established. And the said Pierce and Fox further represent, that although a deed was produced from John Gordon to said Jesse Gordon, under which said Jesse and his representatives pretend to claim said sum of $1,891.05, your petitioners have reason to believe, and do in fact believe, that said deed was given without consideration, and for the purpose of covering said property in the hands of said Jesse for the benefit of said John, he being in debt and insolvent. And, that whatever is paid under said decree, or the greater part of it, will go to the use and benefit of said John Gordon. That said John is largely indebted to them, the said Pierce and Fox, in their said capacity of executors of said Lewis, to wit, in the sum of $1,071 25, and was so indebted at and before the time he made said deed to said Jesse Gordon, and at the time the rents accrued, which they are required to pay into court as aforesaid. That there is no mode in which they can obtain payment of the debt so due from said John Gordon to said Lewis's estate, unless they can be permitted to deduct the same from the sum, which they are ordered to pay into court, or to receive the same out of said sum, by order and decree of this honorable court.

C. S. Daveis, for plaintiff.
S. Longfellow, for defendants.

Before STORY, Circuit Justice, and WARE, District Judge.

STORY, Circuit Justice. The object of the present petition is to have the benefit of a set-off of $1071 25, which it is now admitted is due and owing to the executors from John Gordon, to be allowed and deducted from the sum of $1891 05, the rents and profits, for which the executors are chargeable under the decree of the court already rendered. The ground, upon which this claim is asserted, is, that John Gordon is the real party in interest in the present case and is insolvent, and that Jesse Gordon is a mere nominal party. This very question came under the consideration of the court at the former hearing upon the master's report and an exception taken thereto, which presented it. The exception was then overruled upon the ground, that there were no facts establishing the claim. That ground is now removed; and it is admitted, that there is the sum of $1071 25 due from John Gordon to the executors. But on that occasion the court entertained great doubts, whether the claim could be sustained as a set-off in any form.

It is very clear, that the claim cannot be asserted in the present suit; and if it could have been at any stage of the suit asserted (which is denied,) the proceedings have passed that stage. The reservation in the decretal order, allowing all persons interested in the sums paid into court to come in and prosecute their claims thereto, is wholly inapplicable to the executors, who have no in-

terest whatsoever in those sums. It applied solely to those persons, who were entitled to Joshua Webb's equity of redemption. Indeed, the present petition asserts no right to any part of those sums; but only a right of set-off against them, to be recouped from the amount, as an adverse claim. Upon this petition it is impossible for the court in this suit, to go into any proofs of the material facts asserted in it, and which are vital to the relief sought. The question, whether Jesse Gordon is a nominal party, or not, cannot be investigated in such a collateral proceeding. The proper course would have been to have filed a cross bill at an earlier stage of the proceedings, or now to institute an original bill in some court competent to maintain it. But if a cross bill had been duly filed, or an original bill were now before this court, asserting the same facts, and they were all proved, my judgment is, that it is not a case, in which a court of equity could grant the relief. The jurisdiction of courts of equity in matters of set-off is very narrow, and closely follows that of the law. The mere fact of the existence of mutual demands constitutes no ground in equity for a set-off, however reasonable it might have been to have allowed it upon principles of natural justice. The authorities are the other way. I have had occasion to consider this doctrine in various cases, and need do no more than refer to the cases of Jackson v. Robinson [Case No. 7,144]; Green v. Darling [Id. 5,765]; Gordon v. Lewis [Id. 5,613]; and Howe v. Sheppard [Id. 6,773]. To justify a court of equity in allowing a set-off there must be some original or intervening equity between the parties beyond the mere fact of mutual debts. There must be a mutual credit, founded on a subsisting debt on the other side, or an express or implied agreement for a set-off of mutual debts. There is no pretence of any such mutual credit, or any such express or implied agreement of set-off in the present case. The petition asserts none. The whole facts of the present suit repudiate it. The sole equity now set up is the insolvency of John Gordon. But I am not satisfied, that mere insolvency alone constitutes a ground for the interference of the court. On the contrary it appeared to me in the case of Howe v. Sheppard [supra], that there was no sufficient authority to establish that doctrine. I am aware of the bearing of the case of Simson v. Hart, 14 Johns. 63, which, upon its own circumstances, may have been very properly decided. But if it meant to assert, as a general doctrine, that mere insolvency of one of the parties gives a right in equity to set off mutual unconnected debts, I am not prepared to say, that it can be sustained as a sufficient authority to bind this court to that extent, whatever may be my respect for the learned judges, who decided it.

It has been suggested, that the case might be treated as one within the equity of the statutes of set-off of Maine (St. 1820, c. 59, § 19; Id. 1823, c. 228). But it appears to me, that neither in their words, nor in their intent, can they be applied to cases like the present. The cases relied upon in the argument from the Massachusetts and Maine Reports were founded upon the laws of those states, applicable to the insolvent estates of deceased persons; and of course they turn upon very different considerations. See McDonald v. Webster, 2 Mass. 498; Sewall v. Sparrow, 16 Mass. 24; and Lyman v. Estes, 1 Greenl. 182.

There is another ingredient in this case, suggested in the plaintiff's argument, which, if well founded, as matter of fact (as it seems to be,) would dispose of the question upon stronger grounds. It is, that the mortgage was actually assigned by John Gordon to Leal & Porterfield, under whom the plaintiff asserts title, before the debt now insisted on as a set-off became due, or even existed. But I do not dwell on this fact, because it is not presented in such a direct form in the present aspect of this cause as to be deemed strictly in judgment. Upon the whole, my opinion is, that the prayer of the petition must be rejected; and the petition itself be dismissed. The district judge concurs in this opinion, and, therefore, let the petition be dismissed.