Tilghman C. J.
(After stating the case.) Kerns now contends, that the first levy and sale of the land belonging to Pearson ought to have stood. It is not denied that the Court of Common Pleas had power to set aside the first execution, if good cause had been shewn. ' But it is said, that the suggestion appearing on-the record was not good cause: because a sale to the plaintiff’s attorney was the same as A sale to the plaintiff himself, and therefore, in fact, the money was paid. This mode of reasoning does not- appear to me to be correct. The plaintiff is bound by the act of his attorney, provided he acts within the sphere -of his authority. If the attorney receives the debt, the plaintiff is bound although the money never comes tó his hands. But the purchase of lands is not within the trust confided to an attorney. He would not be entitled to a deed from the sheriff without paying the purchase money, or giving a receipt on behalf of his principal. A receipt, provided there were no collusion, would justify the sheriff in giving a deed. But if the plaintiff himself should apply to the court, before the deed was acknowledged, and insist on payment of the money, there can be no doubt but the court would suspend the acknowledgment, until the money was paid, or set aside the sale, if it was not paid in a short time. It is confessed, that the Court of Common Pleas has a discretionary power oyer its own process, and we *22 know, that it is not usual to insert, in the record the facts, on which the court proceeds to exercise its power.' We are not to take for granted,' that the court proceeded solely on the suggestion of the plaintiff’s counsel which appears on the record. The setting aside of the first inquisition could have been no injury to the defendants. Or if it injured any one of them eventually, it would be for the benefit of another of them.. This is a singular case. The three. defendants are plaintiffs in error" and yet the caus’e assigned for error is, that the land of Pearson, one of the defendants,"ought to have been sold, and the land'of Kerns ought not to have been sold". So that one has losts||id the other gained by setting aside the first execution. This is said by Kerns to be a hardship, because he' was'originally but security for Pearson. 'But"the plaintiff knows no difference between principal and security, and may levy on the estate of either at his pleasure. '• It was the business of the security to insist on an indemnification from the principal before he entered into an obligation on his account j and if he failed to do it he must abide l.'v the consequences. It is nearly seven years since the sheriff made the sale which it is now endeavoured to avoid. The length of time affords a strong presumption in favour of the proceedings. For if there was' any "thing wrong in them, why was-not application made-to-’the Court of Common ■Pleas for redress ? On good cause shewn, relief would have been given in "a summary way. ■ The probability, therefore* is, that there was no objection to setting aside the-first; execution on the part of the defendants, or either of them. But be that as it may, there is nothing in the record;which would justify this court in saying, that the Common Pleas had exceeded their authority or abused their discretion. I am, therefore, of opinion, that the execution should be affirmed.
Yeates J. absent.
Brackenridge J; concurred.
Execution affirmed.--