The opinion of the court was delivered by
Rogers, J.
The principal facts of this cause have been fully stated in 8 Serg. & Rawle, 452, The Commonwealth, for the use of Bellas, v. Vanderslice and another, Administrators of Milter. The point there decided, has been again pressed upon the court without effect, as we see no reason to change our opinion. The circumstances relied on would not alter the principle, as, in my view of the case, it is a matter of no consequence whether, afterjudgment the defendants are considered in relation to the creditor, as principal or sureties. If the creditor has the means of satisfaction in his hands by legal process, and chooses not to retain it, but suffers it to pass into the hands of the person whose property it was, and he afterwards becomes insolvent, a joint principal cannot be called on. It is a discharge of the other principal pro tanto at least, if it does not exceéd the moiety of the debt.
I am free to confess, that in my opinion the distinction between principal and surety, except as between themselves, does cease on the rendition of the judgment. I have come to this conclusion from the reason of tne thing, and the authorities here cited. 2 Serg. & Rawle, 20. Morrison v. Pearson, 5 Johns. Ch. R. 305. 3 Wheat. 530.
As this came in collaterally, it is to he considered as the expression of my own individual opinion. It will be open for discussion when the point directly arises.
Until the 13th of January, 1811, the time of the arrangement with Lebo, there was no laches on the part of Mr. Bellas, which would discharge the other debtors. He had made every exertion to levy the money, and until that period, they could not claim an exoneration from the judgment obtained against them. It is the clear value of the property, then, for which they are entitled to an allowance. The Court of Common Pleas decided, that the property should be estimated at the price it would have sold for, in a reasonable time, after the levy, to procure a sale. ’ In this there is *253 manifest error, for Mr. Bellas having obtained a judgment they were fixed for the debt, and never were discharged, until by virtue of the arrangement of the 13th of July, 1S18. The plaintiff is not liable for more than the property would then have sold for at sheriff’s sale, after deducting the expenses of the sale. The neat proceeds would be the measure of damages, the sum for which the defendants would be entitled to a deduction.
Judgment reversed, and a venire facias de novo awarded.