Parker C. J.
delivered the opinion of the Court. It is moved to set aside this verdict, on the ground that it is against evidence, notwithstanding there was a great deal of evidence on both sides, so contradictory that on a former trial the jury could not agree, and on this trial it was the subject of elaborate argument, and scrupulous comparison of testimony. If under these circumstances a verdict can be set aside as against evidence, no action can be tried which may not be brought in review before the Court upon the facts, and the trial by jury will be virtually superseded. Perhaps no cause which really has two sides to it, can be determined without a serious belief m the party losing, and perhaps in his counsel, that the verdict was wrong and against the weight of the evidence. But disputes must be settled and finished, and our law and constitution having given the ultimate decision upon the facts to the jury, to ^et aside their verdict, unless in extraordinary cases where it is manifest that they have mistaken or abused their trust, will be to usurp a power which has been carefully and properly withheld from us.[1]
The present case affords an illustration of the principle we leel bound to adhere to. [The Chief Justice here examined the evidence on the question whether the note of Thayer was taken by the plaintiff in- payment of the note in suit, or only as a pledge, and concluded by saying that the verdict was not unsupported by the evidence, or so manifestly against the weight of it as to justify the Court in interfering.] There are some questions however of a legal character, which the plaintiff’s counsel have very properly raised, and which we are bound to decide.
First, it was objected that the declaration of Ryan as to the terms of the receipt, and of his agreement with the plaintiff in regard to Thayer’s note, ought to have been admitted, because lie was a party to the contract with the defendant, and the admissions and confessions of one is evidence against the other. We believe it to be a sound principle, that the sayings and declarations of one who is a competent witness in a cause, are *132 not to be admitted in evidence to charge another, upon the general ground, that they are but hearsay evidence, and are not the best evidence which the case affords. Now Ryan was a competent witness ; he was equally interested towards both parties ; neither party could object to him if offered by the other. He was answerable upon the note himself to the plaintiff, and, by the form of the contract, he was answerable to Briggs if Briggs was compelled to pay. His deposition was in the case, and he himself was within the city when the cause was tried. We think it impossible to suppose, that under these circumstances his declarations should be received to charge Briggs on the subject to which those declarations referred, viz. the terms' of the receipt he had taken from the plaintiff and the nature of his agreement with him. In the cases cited by the plaintiff’s counsel in support of this objection, the confessions or admissions received were of one of the parties in the action, and where necessarily they must be admitted, and being admitted they are to affect both. But in this case the plaintiff has chosen to sever the two parties to the note, leaving one out of the writ who is a competent witness ; and this puts him upon the footing of other witnesses, so that his declarations, not under oath, cannot be admitted to affect the other party to the contract. Gibbs v. Bryant, 1 Pick. 118.
Besides, Ryan himself was offered as a witness by the plaintiff, and testified in the cause, so that the plaintiff had the full benefit of his knowledge, and therefore cannot complain that his declarations were rejected. All the cases cited from our reports to sustain this objection, are where the admissions or confessions proved were made by parties to the action as well as to the contract. And we do not find in any of the other cases cited, that the principle is extended further, except where the admission offered is to take the case out of the statute of limitations, and in such cases it seems to be generally admitted, that the acknowledgment of one party to the contract, though not sued, is binding upon all the others. There may be other cases in which the acknowledgment of one joint contractor will bind the others ; but we know of none like the present, in which Ryan and the defendant between themselves are not joint *133 contractors, but Ryan is the debtor, and the defendant is the surety, so that they are not quasi partners in the transaction. We do not think that on this ground the verdict ought to be set aside.
Again it is objected, that in summing up the case to the jury, the defendant was treated as a surety, and therefore as entitled to some grounds of defence which would not affect Ryan if the suit were against him ; for it is said the law knows no difference between principal and surety, and whatever will charge the principal will charge also the surety.
In the case The People v. Jansen, 7 Johns. R. 337, it was held by the court, that whatever would discharge a surety in equity, would be a good defence at law ; and this same position was advanced by Lord Loughborough in the case of Rees v. Berrington, 2 Ves. jun. 542. The same principle was adopted by this Court in the case of Boston Hat Manufactory v. Messinger, 2 Pick. 223.[1] The only difficulty seems to be in separating the principal and surety where they are sued as joint contractors, and where they are obliged to plead jointly, as in case of joint or joint and several promisors or obligors ; for in such case, at law, it would seem they must stand or fall together, and this was probably the reason, as suggested by Lord Loughborough, of resorting to chancery for the relief of sureties.
Where the surety, or his representatives, are sued alone, as was the case in The People v. Jansen, and as is the case in this action, no such difficulty occurs, and it would be idle to render judgment against a defendant, who, by principles of law administered in a court of equity, would have a right to an injunction against the party claiming to enforce such judgment. In this Commonwealth, where there is no power to award an injunction against proceedings at law, and where whatever equitable jurisdiction exists is exercised by the same tribunal, the absurdity of driving the party for relief to another process is still more apparent.
Now it seems to be a well settled principle in equity, that a *134 creditor who has the personal contract of his' debtor, with a surety) and has also or takes afterward properly from the principal as a pledge or security for his debt, is to hold the property fairly and impartially for the benefit of the surety as well as himself, and if he parts with it without the knowledge or against the will of the surety, he shall lose his claim against the surety to the amount of the property so surrendered.
In the case of Hayes v. Ward, 4 Johns. Ch. R. 129, this doctrine is fully established. The Chancellor says, “ There would be much equity in the plaintiff’s case, if it should finally appear that the defendant had by his own act rendered the adequate security, which he took from the principal debtor, illegal and void. The very taking of that security by him may have excited confidence in the surety, and lulled him to sleep, and deprived him of taking other and sound security, for his own eventual responsibility, until it was too late, and the rights of third persons had intervened.”
The learned chancellor drew' his principle from the great source of equity, the civil law, and he cites many authors to support it; but it is a principle of natural justice also, and therefore ought to be recognised and enforced by the common law. Lem v. E. I. Co. 4 Ves. 829, and Praed v. Gardiner, 2 Cox, 86, are strong in support of this point.[1]
There are also cases at common law of the same import. In the case of Commonwealth v. Vanderslice, 8 Serg. & Rawle, 457, this principle wras adopted, and the judge who delivered the opinion of the court says, there is no clearer rule in equity, than that where the creditor has the means of satisfaction in his hands and chooses not to retain it, but suffers it to pass into the hands of the principal, the surety can never be called on. And in a subsequent case, Lichtenthaler v. Thompson, 13 Serg. & Rawle, 157, the same principle is acted on ; and indeed carried somew'hat further, for it is said by the court, that when the creditor has the means of satisfaction actually or potentially in his hands, and does not choose to retain it, the surety is discharged.
*135 With regard to the question, whether the defendant was in point of fact surety or not, it seems that it was not raised at the trial, any further than to show that he was properly deciared against as an original promisor.
The note was made by Ryan to the plaintiff, and the name of the defendant written on the back. Supposing this was done when the note was made, (and there was no evidence to -he contrary,) according to several decisions it was right to declare against him as promisor;[1] but still he stood in relation to Ryan as a surety, and was entitled to any advantages belonging to that character, as he would if his name had been put on the face of the note, when he might. prove that he was only surety, and if the creditor had done any act which could in law discharge a surety, he might prove that in his defence.
Mere delay or negligence to call upon or compel the principal to pay, would not give the surety a defence, but acts done which would tend to prejudice him, or deprive him of the power of obtaining indemnity, would ; as appears by the case of Hunt v. Bridgham,, 2 Pick. 583.[2]
It is said there was no evidence in the case tending to show that Briggs was a surety. But the form of the note was some evidence. The conduct of the plaintiff in obtaining Security of Ryan alone on his horse and gig, the declaration of the plaintiff that Briggs was clear of the note, all had that tendency ; and it was not put to the jury, because it was taken for granted, in the course of the trial, that such was the relation between Ryan and Briggs. By my minutes of the trial it appears, that the defence was opened by stating, 1. that the note was paid by Ryan ; 2. that though by the form of the contract the defendant was chargeable as promisor, yet he was in fact surety for Ryan, and that payment or security given by the principal would discharge him; and in summing up the evidence by the counsel for the defendant, stress was laid upon all the circumstances which tended to discharge him as surety. The plaintiff’s counsel, in his closing argument, did not deny that such was the relation of Briggs, but insisted he was not *136 withstanding liable, unless the note was actually paid. Tn this state of things, I charged the jury. Probably, if the counsel who argued the cause to the jury had been present at this argument, this point would not have been insisted on. At any rate, we think it cannot now be taken advantage of.
The jury were instructed, that if they believed the plaintiff told the defendant that the note in suit was paid, intending to be so understood, and that the defendant was clear of it, as testified by the first witness, and that in consequence the defendant lost an opportunity to secure himself against Ryan, the defendant would be discharged, though in point of law the transaction in relation to Thayer’s note was not a payment. We think the charge in this respect was legally correct. It is said there was no evidence, that any such consequence as is supposed, followed ; if so, it is not to be presumed that the jury found for the defendant on this point.
As to the conclusiveness of the receipt, the very question was, what did the receipt purport. It was only collateral matter, and therefore capable of being explained. The objection to paroi evidence does not apply, where it is “ offered, not for the purpose of contradicting or varying the effect of a written contract of admitted authority, but where, on the contrary, it is offered in order to disprove the legal existence or rebut the operation of the instrument.” 3 Stark. Ev. 1015. “ In general, where a written document is given in evidence as containing an admission by the adversary, paroi evidence is admissible to explain it, or to show that it originated in mistake.” Ibid. 1020.
It is also objected, that the jury were instructed, that if the plaintiff had in his possession personal property of Ryan, which he held as security for this note, and suffered it to pass back into the hands of Ryan without the consent or knowledge of Briggs, the latter would thereby be discharged of his liability. This was certainly right, for such conduct would be a fraud upon a surety. It is said that a creditor may exercise his discretion and surrender one species of security for another, or if he has an excess of security, he may give up a part Undoubtedly he may, but it is at his own risk. If the part he retains fails, the loss ought to be his own. Fair dealing re *137 quires that he should consult the safety of the surety when he has the means in his hands. It is denied that the horse and gig were ever in the actual possession of the plaintiff, but this was a fact for the jury to decide. The witness asked him why he did not keep possession, and instead of denying that he had bad possession, he gave a reason for parting with it.
The cases in 1 Gallison, 33, and 2 New Harnp. R. 448, were cited to maintain the position taken by the plaintiff’s counsel, that the character of surety cannot be set up, unless it appears on the instrument itself, that the party signed as surety. Neither of the cases goes that length. That in Gallison suggests it as matter of doubt. The case in New Hampshire also speaks hypothetically ; admitting by implication, that if the plaintiff knew by the .form of the contract, or otherwise, the fact, that the defendant was surety, the objection would be avoided. But this point was not necessary to the decision of either of the cases, and is not adjudicated.
Upon the whole matter, therefore, we think the verdict is right, and that judgment must be rendered for the defendant fhereon.

 See Douglass v. Tousey, 2 Wendell, 352; Smith v. Hicks, 5 Wendell, 48; Jackson v. Loomis, 12 Wendell, 27; Lafiin v. Pomeroy, 11 Connect. R. 440.

 2 Pick (2d edit.) 235, note 2 and cases cited; Commercial Bank v. Frenen., 21 Pick. 488; Commonwealth v. Haas, 16 Serg. & Rawle, 252; N. York State Bank v. Fletcher, 5 Wendell, 85.

 See Theobald Prin. and Surety, 142 ct seq.) Low v. Smart, 5 N. Hamp R. 353.

 See Bayley on Bills, (2d Am, edit) 47, 48.

 2 Pick. (2d edit) 585, notes and cases cited ; Hage v. Penn, 1 Bland. 30