The opinion of the Court was delivered by
Tilghman C. J.
When a .writing is. exhibited as a last will and testamentj and a caveat filed against the probate of it, either party may demand a trial by jury; and in such case the Register’s Court directs an issue to determine the validity of the will, to be tried in the Court of Common Pleas. The issue being tried and returned, the Register’s Court are to take the fact as settled. With regard to personal estate, the decision is absolute-;, but the verdict on the issue is. not considered as .conclusive with respe.ct to real estate. The party who is dissatisfied may have the title tried in an ejectment. If an issue had been sent from the Register’s Court, and the writing exhibited as the will of Michael Rambler. been determined to be no will, it would have been the duty of the Register’s Court to have taken for granted, that Rambler died intestate, and the Orphans’ Court ought to have proceeded to a partition of his lands. ■ But in this case, no issue was sent, and therefore the Orphans’ Court were not *194 obliged to consider it as a case of intestacy. The record of the ejectment does not, upon its face, shew any question upon the will of Rambler, and even when explained by parol evi(frnce, fr ;s not free from obscurity, for, if Rambler died intestate, the verdict should have been for the plaintiffs for the ■whole. It is true, that the widow was entitled to one-half of the land, during her life, her husband having left no issue ; but she had no right to enter and take this half, until it was legally assigned to her. Besides, one verdict and judgment in ejectment is not conclusive of the title, and therefore the Orphans’ Court might well refuse to make partition until an issue sent from the Register’s Court was decided. This issue it was the duty of the Register’s Court to order, because without it, the right to the personal estate of Mich. Rambler could not be decided. To make partition of the whole real estate, while the question whether will or no will, remained in a state of uncertainty, might be productive of such inconvenience, that no Court would order it, unless absolutely enjoined by law. I am, therefore, of opinion, that, considering the circumstances of this case, at the time when the inquest of partition was returned, the Orphans’ Court did right in setting aside the proceedings, and their decree should be affirmed.
Decree affirmed.