The opinion of the Court was delivered by
Gibson J. —
It is impossible to support the judgment o& this writ, which is a scire facias to revive a judgment against the administrator of a joint defendant, who died first; for it is clear law that a plaintiff who has recovered against a number. *457 can have execution only against the survivors, the goods of .those who have died being dischatged. But although the judgment is to be executed against the persons or chattels oniy of the. survivors, it is otherwise as to the land : that continues bound by the lien ; which under the Stat. Westm. 2d is rendered effective by a s'cire jaciás, against the survivors and the heirs and terre-tenants of those who have died, to shew cause why the plaintiff should not have execution of the lands of the original parties. The English mode of proceeding on this Statute, is pointed out by Sergeant Williams in a note to Trethewy v. Ackland et al. 2 Saund. 51, a. According to our practice, as lands are assets for the payment of debts, so far as to be subject to sale on a judgment against the personal representative, it seems the executor or administrator is substituted for the heir, .and the terre-tenant is not formally made a party on the record, but permitted to come in on notice, and defend pro interesse suo.
But as the questions made below, might again be agitated in a pioceeding against the survivors, or against the land, it is proper to decide them.
It is scarcely necessary, however, to decide that the original judgment, although rendered for fees collected by Lebo on executions in his hands, bore interest: by our Act of Assembly, interest is an incident of every judgment.
The judgment was against Lebo, and the sureties in his official bond. A fieri facias was issued, on which Lebo's personal property was levied; and on this., six successive writs of venditioni exponas were issued and returned; on-the last of which, the plaintiff and Lebo, without consulting the sureties or obtaining their assent, came to. an agreement that the writ should be stayed ; that an alias fieri facias should be issued and levied on Lebo's real property, which was to be considered as having been condemned ; and that the plaintiff should be at liberty to sell it at the succeeding term. By this arrangement, Lebo’s personal property was effectually released ; as it was left in, his possession, and, it seems, after-wards disposed of'by him., It is unnecessary to recapitulate the learning on the subject: the whole matter lies in a very narrow compass. Under the subsequent arrangement, the levy was neither at law nor in equity satisfaction, as regards Lebo, the principal. But there is no clearer rule, in equity, *458 than that where the creditor has the means of satisfaction in jjjs jjancjs and chooses not to retain it, but suffers it to ¡iass into the hands of the principal, the surety can never be called Tr , ^ , , , on. Here there was a levy on personal property belonging to principal, and that was satisfaction pro tanto, as regards the sureties ; of the benefit of which nothing could deprive them, except an assent, on their part, to the arrangement by which the property was released. That, however, is not pretended. But it is said the distinction between principal and sürety ceases after judgment has been obtained on the original security, and that as to subsequent transactions, equity views them with equal favour. If that be so, I am ignorant of any authority that bears it out; and on the ground of reason, it certainly cannot be supported. The distinction is carried throughout.
At the trial, the plaintiff exhibited a statement of the amount claimed to be due, allowing credit for a number of partial payments ; and then prayed the direction of the Court, that the principle on which the calculation was made, was legal and proper ; but the request was submitted in terms so obscure, as to render the object difficult of comprehension; and the Court, perhaps not understanding exactly what was meant, refused to give any direction at all. As explained, here, however, it is clear that the principle of the calculation was the true one. Interest is always calculated on a judgment to the time of the first payment, which is applied in the first instance to discharge the interest, and afterwards, if there be a surplus, to sink the principal, and so, toties quoties, care being taken that the principal, at any time thus reduced, be not suffered to accumulate by the accruing interest. This is sustained not only by usage, but by decision ; and although it will not effect complete justice, it will approach it more nearly than the method sometimes used by merchants, of deducting partial payments, together with interest, from their respective dates, fi«m the principal and interest of the debt; for by the latter, the principal may in process of time be discharged, without pay in w a farthing beyond the interest — » as may easily be demonstrated.
Judgment reversed.