The opinion of the court was delivered by
Rogers, J.
This is an appeal from the decision of Chief Justice Gibson, at a Circuit Court, for the county of Cumberland..
*417 John Huston, on the 17th of May, 1808, made his last will ' and testament, and gave legacies to his natural children, and made Samuel Huston, his brother, Isabella Háleles, and Samuel Huston, jr., his nephew, residuary legatees. ¿«Che validity of this will being denied, an issue devisavit^fál ncai&ms directed to the next term, 1811, No. 16, betweej^^mdn^^fulen, and Jonathan, Huston, On the trial of the isjaS&CffilBl» and Mateer attended to the suit, and conducted the de&ji^e. -3»the 24th of December, 1817, there was a verdict in falraiir of nil1 will. On the caveat of the will, letters pendente lite were granted on the 8th of August, 1811, to Creigh and Mateer, bail in two thousand dollars. To the August Term, 1814, No. T05, judgment was obtained against the administrators of Huston, on whieli his real estate was sold for a large sum of money. On 'the record of the Common Pleas, there is this entry; in the case of the sale of the real estate of John Huston, deceased, by the sheriff at the suit of Andrew Carothers/ for the use, &c., upon motion of Andrew Carothers, Esq., it appearing to the court, that after ¡payment of the judgments against the estate of John Huston, deceased, there remains a balance of ten thousand six hundred and fifty-two dollars and fifty cents, the court order that the said balance be paid to Creigh and Mateer, administrators, at such time as the said administrators shall have given an additional administration bond with security, to the register of Cumberland county, in the sum of twenty thousand dollars, and shall have the same duly certified by the said register to the prothonotary of this court. In compliance with this order, on the 21st of November, 1814, Creigh and Mateer, with Anderson and Quigley, their bail, executed a bond to the commonwealth of Pennsylvania, in the penalty of twenty-one thousand three hundred and fifteen dollars, conditioned, that if Creigh and Mateer, administrators pendente lite, shall make an inventory of the personal estate, and exhibit the same tó the register, &c., administer the goods and chattels, &c„ and settle the administration account, and all the rest and residue of the said goods and chattels, and credits, which shall be found remaining upon the said administration account, (the same being first examined and allowed by the Orphans’ Court of the county of Cumberland,) shall deliver and pay to such person or persons respectively", as the said Orphans’ Court, by their decree or sentence, pursuacrt to the true intent and meaning of the several laws now in force in this commonwealth, shall limit and appoint, then this obligation to be void, &c.
On the 10th of May, 1815, Creigh and Mateer settled their administration account, on which there was a balance of nine thousand three hundred and ninety-four, dollars and twelve and a-half cents, and a supplemental administration account on the 13th of February, 1822, on which there was a balance of nine thousand two hundred and sixty dollars and forty-one cents in the hands of the accountants, subject to distribution according to law. “
*418 After verdict on the issue, devisavit vel non, letters of administration, with'the will annexed, were committed to Samuel Huston, and John Clendennin, and for the purpose of recovering from the administrators pendente lite, the balance in their hands, a suit was brought to the August Term, 1808, No. 98, against Creigh and Mateer, Anderson and Quigley. On the 16th of September, 1823, the death of Anderson was suggested. On the trial of the cause a verdict was rendered for the plaintiff for twenty-one thousand three hundred and five dollars, whereupon a writ of error was taken to the October Term, 1823, and judgment as follows; viz. 19th of October, 1824, after argument, it was suggested by the court, that the legal right of the parties could be best ascertained and determined in a scire facias, to be issued in pursuance of a general judgment to be entered on the verdict for the penalty of the bond, to be considered as cautionary only. The court do not intimate any opinion, whether the probate of the will would be conclusive or not, but leave it open for legal investigation on a writ of scire facias. This scire facias was issued to the April Term, 1825, No. 124, against Andrew Mateer, John Creigh, and Benjamin Anderson, and James Graham, executors of Henry Quigley, deceased.
In the course of the trial, the plaintiffs gave in evidence, the renunciation of John Waugh, and offered to prove the renunciation of William Jameson, the other executor appointed by the will of John Huston, deceased, by a letter filed the 10th of January, 1818, and addressed to David Watts, Esq., in these words:—
“Pine Grove, December 8, ISIS.
“Sir,
“ By Samuel Huston, the bearer, I understand that the late John Huston, deceased, nominated me as one of the executors of his last will and testament; my situation renders me altogether unfit for the execution thereof: you will please to have another appointed to officiate in my place, and oblige
“ Yours, respectfully,
“ William Jameson.”
It was objected, that there was no evidence of the renunciation of Jameson, and on the admission of the letter as evidence, error was assigned in the opinion of the court. It has not been generally supposed, that there was any particular form for a renunciation in Pennsylvania. Any writing which shows the intention of the executor will be sufficient for this purpose, provided it be filed, as it was here, in the proper office, It is immaterial that the letter was directed to Mr. Watts. It contains a request, that he should procure the appointment of another, and for this purpose it was presented to the register, filed in the office, and on the faith of the renunciation of the executors, letters testamentary with the will annexed were granted to the plaintiffs. Although before grant *419 ing the letters, the executors m'i£ht have acted, notwithstanding the renunciation; yet, after they were granted, it was incompetent to them to resume their trust during the lifetime of the administrators. Toller’s Law of Executors, 22.
Several objections have been made to the plaintiffs’ recovery, which have been argued with great force, and apparent conviction.
It has been strenuously contended, that the suit cannot be sustained against Mateer and Creigh, and the executors of Quigley; that there is a misjoinder of action. It will be recollected, that suit was brought against Mateer, Creigh,, Anderson, and Quigley, and that judgment was had against Mateer, Creigh, and Quigley, Anderson having died before the rendition of the judgment. This judgment was just, and it is certain, that the subsequent death of Quigley does not discharge his real estate. 2 Saund. 72. Carth. 105. 8 Serg. & Rawle, 457. The real estate is bound by the judgment, and payment alone will discharge the lién. Although I cannot perceive the propriety of the distinction, that the judgment survives as to the personalty, but not the realty, yet there is no question that it has been so adjudged directly in England, and incidentally in Pennsylvania, 2 Saund. 51, note 4. 8 Serg. & Rawle, 457. If then the judgment be joint, and survives against the land, the execution which follows the nature of the judgment should be joint also; or, at any rate, against the same persons, against whom judgment is rendered. The object of the scire facias is to ascertain the sum due, and for the defendants to show cause why the plaintiffs should not have execution against the survivors, and the lands of the deceased; for in no other way can he have the fruits of his judgment. If these principles be correct, and they are supported by the highest authority, this defence cannot avail the defendants. The objection which struck me-with the greatest force, in this part of the case was, that the terre-tenants of the land, should have been made parties to the scire facias. This is the case always in England, and would be so here, were it not that executors and administrators, as respects debts, are the proper representatives of both real and personal estate. The suit is brought against them and not the heirs, and few, if any. cases, have arisen, where the rights of the heirs are not well protected. The present Chief Justice, in the case of The. Commonwealth v. Miller’s Administrators, 8 Serg. & Rawle, 457, says, “According to our practice, as lands are assets for the payment of debts, so far as to be subject to a sale on a judgment against the personal representatives, it seems the executors or administrators are substituted for the heir, and the terre-tenant is not formally made a party on the record, but permitted to come in on notice, and defend pro interesse suo.” It would perhaps be the better practice to give them notice at the commencement of the suit.
It is also contended, that the right to recover the money, is in *420 the heir at law, or legatees, and not in the administrators with the will annexed. It must be taken, after what has been said, that they are the rightful administrators; and the question is, whether they have a right to the money to execute the trust of the will. To form a correct conclusion, two things are to be considered. What is the nature of the property in the hands of the administrator pendente lite, and what are the duties and powers of an administrator pendente lite? On the sale of the real estate, the residue, after payment of debts, goes to the same persons who would take the land; but the fund itself, is considered personal property for every puipose. This distinction was expressly taken in the case of M'Clay v. Kreider, which was warmly contested, and involved considerable estate, 11 Serg. & Rawle, 224. On the ground that the surplus money, arising from the sale of lands by the Orphans’ Court was personal estate, it was held that the said surplus went to the personal representatives, and not to the heir. An administration pendente is a limited trust, and expires eo instanti the will is established,. The very name implies that it cannot exist longer than the pendency of the suit. Upon the establishment of the will, the executor may immediately act, even before probate. There is no necessity for a citation to revoke the letters pendente lite, but the register may proceed to grant letters to the executors, or where they renounce to the administrator with the will annexed, and this was the course here pursued. The power and duty of an administrator pendente lite, is to pay and collect debts, file an inventory, but do not extend to a distribution of the estate. Indeed, how can he do so, until the contest about the will be ended? The legatees and distributees are different individuals, or vary in the amount to be received; otherwise there would be no dispute. If, then the fund be personal, and the administrator pendente lite cannot distribute the estate, to whom should the fund be committed but to the executor, or where they renounce, to the administrator cum testamento annexo? Toll. Law of Exec. 75, 102. 1 Com. Dig. tit. Ad. F. 336. 11 Vin. 100. 1 Bro. R. 87.
Another ground upon which this claim is resisted is, that the depositions of witnesses should have been received, to prove that Huston had not capacity to make a will. The foundation of this objection is, that the money is to be considered as land; and that, although the verdict and judgment, on an issue, devisavit vel non is conclusive as to the personal property, it is not so as respects real estate. If this were res integra, the solidity of the distinction might well be questioned; but, at any rate, I have no disposition to extend the principle. This fund, as I have before shown, must be considered as personal property, and upon this ground the court «'■eie correct in rejecting the evidence. 4 Serg. & Rawle, 192, 193. 5 Serg. & Rawle, 215. 11 Serg. & Rawle, 224.
The court has no difficulty in saying that the administrators are *421 chargeable with interest; for, although administrators pendente lite are not liable for interest, if they have not used the money, yet, in this case, the administrators became the purchasers at the sheriff’s sale, gave the sheriff a receipt for the purchase money, and have been, and are now, m the enjoyment of the property. It is not for them to make profit of the raj&ey, without paying for its use. 1 Johns. Ch. Rep. 620 Id. 52 508. 4 Johns. Ch. Rep. 303,307, 308. 2 Mad. Ch. 137 Fort 188 189. 1 Binn. 196. 4 Serg. & Rawle, 112.
On the inspection of the record^ the~6os*f| have no doubt it is the same record on which the scire facias Was issued, and in which he demands execution. There is a mistake in one part of the scire facias, which is corrected in a subsequent part; and for a mere misprision of this kind, we are unwilling to reverse the judgment of the Circuit Court, and put the parties to a new scire facias; particularly, as a new trial on the judgment must produce the same results. To warrant the interposition of this court on a motion for a new trial and appeal, we must be -clearly satisfied that injustice has been done, or some plain mistake committed. 3 Yeates, 320. 6 Binn. 296.
Judgment affirmed.