## Ellmaker's Estate.

The husband of an heir at law is not entitled, as a matter of right, to administration *cum testamento annexo* upon the estate of the ancestor.    And if he stand in the situation of a litigant against the interests of the heirs and legatees of the estate, it would be improper to grant letters to him.

A register, in granting letters of administration, is bound to respect the nomination of the next of kin, when they decline to exercise their right to administer.

The right to administration is predicated upon the ground of interest in the estate, either as an heir, legatee or creditor.

APPEAL from the decree of the register's court of *Lancaster* county.

The controversy in this case was, who was entitled to letters of administration *cum testamento annexo* of Leonard Ellmaker deceased. A *caveat* had been entered to the probate of the will of Leonard Ellmaker, which resulted in an issue of *devisavit vel non,* sent to the common pleas.    During the pendency of this issue, letters of administration *pendente lite* were granted to Jacob Swartzwalter, who was

[Ellmaker's Estate.]

the husband of one of the daughters of the testator. The issue resulted in establishing the will.

By his will, dated September 20th, 1815, he bequeaths to his wife Elizabeth, who died about two years before the time of his death, all his "personal estate, of whatsoever kind it may be," with certain privileges in the mansionhouse, and certain articles to be furnished to her yearly by his son-in-law, Jacob Swartzwalter. And he devises to Jacob Swartzwalter, and Sabina his wife, his "plantation and tract of land, situate in Salisbury township aforesaid, containing one hundred acres, be the same more or less, houses, mills and other buildings thereon erected, with the water and water courses to the same belonging, or in any wise appertaining; also, one other tract of mountain land in the same township containing thirty acres, be the same more or less; also, one other tract of land, lying and being in the township of Sadsbury, in the county of Chester, containing one hundred and forty-six acres, be the same more or less, with the appurtances thereunto belonging, or in any wise appertaining, to them the said Jacob Swartzwalter and Sabina his wife, their heirs and assigns for ever, subject to the payment of the sum of 2662 pounds 10 shillings, in gold and silver coin, lawful money of the United States, to the persons hereafter named, and at the times mentioned, viz." certain legacies to children and grandchildren.

Jacob Swartzwalter, as administrator *pendente lite,* settled an administration account, to which exceptions were filed and sustained, by which a large balance was found to be in his hands. All the children of the testator, six in number, excepting the wife of Jacob Swartzwalter, declined to take out letters of administration with the will annexed, but they united in recommending Davis Clemson. Jacob Swartzwalter objected to the issuing of letters to Clemson, and claimed the right to have letters issued to him. The register's court delivered the following opinion :

"The will of Leonard Ellmaker, bearing date the 20th of September 1815, being offered for probate, a *caveat* was entered against it, and an issue of *devisavit vel non* was directed by the register's court. Letters of administration *pendente lite* were granted to Jacob Swartzwalter, who settled an account to which exceptions were filed, and a considerable balance adjudged to be in his hands belonging to the estate of Leonard Ellmaker. The issue directed by the register's court was tried in the court of common pleas, and on the 23d of January 1832 a verdict and judgment was rendered in favour of the will, against which the *caveat* had been entered. In the mean time John Hopkins, one of the executors named in the will, had died, and Jehu Clemson, the surviving executor, has renounced acting, and his renunciation is filed of record in the register's office.

"The administration *pendente lite* having ceased by the establishment of the will, and this court having decided that administration *cum testamento annexo* ought to be granted, though objected to by Jacob Swartzwalter, the question which next arises is, as to the

person to whom the letters of administration should be granted. Jacob Swartzwalter and his wife Sabina request that administration may be granted to Jacob Swartzwalter. Thomas Griffith and Elizabeth his wife, Henry Wilhelm and Catherine his wife, Mary Kapp widow, Rebecca Seltzer widow, Philip Swartzwalter and Amelia his wife, decline acting, and nominate Davis Clemson, of Salisbury township, as a fit and proper person to be the administrator. The widow of Leonard Ellmaker is deceased, and the above named Sabina, Elizabeth, Catharine, Mary, Rebecca and Amelia, are his daughters and only next of kin. Circumstanced as Jacob Swartzwalter is with respect to his account as administrator *pendente lite,* we consider him legally incompetent and unsuitable to take upon himself the administration *cum testamento annexo.* And as all the relations or kindred who are nearest in degree of consanguinity, excepting the wife of Jacob Swartzwalter, concur in the application for the appointment of Davis Clemson, we adjudge him to be the fittest person to administer the estate of the testator, and therefore decree that letters of administration *cum testamento annexo* be issued to the said Davis Clemson."

Errors assigned.

1. The register's court erred in appointing Davis Clemson, administrator *de bonis non cum testamento annexo* of Leonard Ellmaker deceased ; because the estate of the said deceased was then fully administered by Jacob Swartzwalter, the administrator *pendente lite,* who had, previously to the appointment of said Davis Clemson, collected all the estate of the deceased and paid all his debts and funeral expenses.

2. If it was necessary or expedient to appoint such an administrator, Jacob Swartzwalter ought to have been appointed, and not said Davis Clemson.

*Ellmaker,* for appellant, relied upon the right of the appellant to administration founded upon the act of the 13th of March 1832. *Pamph. Laws* 140, *sec.* 22.

*Norris,* contra, cited, Commonwealth *v.* Mateer, 16 *Serg. & Rawle* 416.

The opinion of the Court was delivered by

Rogers, J.—An administrator, *pendente lite,* is an officer of the court, whose duty is limited to filing an inventory, taking care of the assets, and collecting and paying debts. His authority does not extend to payment of the legacies or making distribution of the estate. Commonwealth *v.* Mateer, 16 *Serg. & Rawle* 416 ; Adam *v.* Shaw, 1 *Schoales & Lefroy's Rep.* 254. When the suit is ended, an administrator *pendente lite* must pay over all that he has received in his character of administrator, to the persons pronounced by the court to be entitled ; and from that time his functions are completely at an end, and the

court is bound to take care that he discharges the duty committed to him, so far as that he deliver over the assets to the rightful administrator. When, therefore, the will in question was established, the right to the personal estate immediately vested in the executors; and on the death of one and the renunciation of the other, it became the duty of the register to appoint an administrator to complete the administration of the estate, by collecting the remaining assets, if any, paying legacies, and making distribution of the residue among the widow and next of kin.

But it is contended, that even if the appointment of an administrator was necessary or expedient, yet Jacob Swartzwalter ought to have been appointed, and not Davis Clemson. The appointment of Swartzwalter is claimed as a right, under the twenty-second section of the act of the 15th of March 1832. Now, I cannot perceive the right of Swartzwalter. He is not of consanguinity with Ellmaker, and yet he claims the administration for himself, without even joining his wife in the administration. It is laid down in *Viner* 84, *tit. Executors, No.* 7, on an authority, that when the wife is next of kin to an intestate, the husband shall not be joined in the administration with her. But it is further said, that when the wife is entitled, and she refuses to take the administration in her own name, the constant practice is to admit the husband. *Vide* Vanthunen *v.* Vanthunen, 11 *Viner* 84, *marginal note, Gibb.* 203; and in *Allen* 36, it is ruled, that if administration be granted to the husband and the wife, only during coverture, perhaps it might be good. 12 *Vin.* 84. And this is said to be necessary; for otherwise, if he should survive her, he would be administrator, contrary to the meaning of the act. *Toll. Executors* 64. And this is the utmost extent of the authorities; for no case can be produced which compels the ordinary to commit the administration to the husband when his wife is next of kin. But the objections to the appointment of Swartzwalter, conceding the right on the ground of expediency, are insurmountable. He stands as a litigant party, and the court have constantly declined putting a person so situated in the possession of the property, by granting administration to him pending suit; always granting it, when requisite, to a nominee presumed, as in the case at bar, to be indifferent between the contending parties. And here it must be remarked, that a doubt has been expressed as to the correctness of the latter branch of the proposition; but I can perceive no objection to the principle, that the register is bound to respect the nomination of the next of kin, or persons entitled to the administration. And so far as the authorities go, it is in affirmance of the right to nominate the administrator; for in Ritchie *v.* M'Ausler, 1 *Hayw.* 220, it is decided, that letters of administration ought to be granted to the appointee of the next of kin, if abroad. And for a like reason, the register's court, in this case, were right in respecting the nomination of the next of kin, to whom no legal objections could be made. But again, there is reason to believe that the appellant has attempted to overreach the heirs,

by trumping up a false account against the estate. The least taint of fraud is a conclusive objection. It works a legal incompetency to perform the duties of the office; an office of such trust and confidence, as should, under no circumstances, be committed to a person wanting in good faith, and in whom confidence cannot be reposed.

The act of 1832 has relation to two classes of cases: first, to the appointment of an administrator, where the decedent died intestate; and secondly, to the appointment of a limited and special administrator. The act gives the register jurisdiction to grant letters of administration wherever they are by law necessary. The same power was exercised by the register under the equitable construction of the statutes of the 31 *Edw.* 3, and the 21 *Henry* 8, which were in force in this state; for although the appointment of a special administrator is not within the letter of the statutes, yet it falls within the spirit and intendment. The act of 1832 provides, "that wherever letters of administration are by law necessary, the register having jurisdiction, shall grant them in such form as the case shall require, to the widow, if any, of the decedent, or to such of his relations or kindred as by law may be entitled to the residue of his personal estate, or to a share or shares therein, after payment of his debts; or he may join with the widow in the administration, such relation or kindred, or such one or more of them, as he shall judge will best administer the estate; preferring always of those entitled, such as are of the nearest degree of consanguinity with the decedent; and also, preferring males to females; and in case of the refusal or incompetency of any such person, to one or more of the principal creditors of the decedent applying therefor, or to any fit person at his discretion; provided, that if such decedent were a married woman, her husband shall be entitled to the administration, in preference to all other persons; and provided further, that in all cases of an administration with a will annexed, where there is a general residue of the estate bequeathed, the right to administer shall belong to those having the right to such residue; and the administration, in such case, shall be granted by the register to such one or more of them as he shall judge will best administer the estate." The act has made very little alteration in the law, as before understood; for in general, limited and special administration is granted in exclusion of the next of kin; because, in that case, the next of kin have no interest in the property. Letters of administration have been granted to natural children, being residuary legatees, instead of the widow. Govanne *v.* Govanne, 1 *Harr. & M'Henry* 346; 3 *Bac. Ab.* 53; *Toll. Executors* 70. The right to administration is put expressly on the ground of interest, on the reasonable presumption that the person most interested to increase the estate is most competent to administer. When a will is made, and it becomes necessary to appoint an administrator *cum testamento annexo*, the widow and next of kin are excluded from the right of administration only when the testator disposes of his whole estate. And this distinction between a partial

[Ellmaker's Estate.]

intestacy, and a disposition of the whole estate, is clearly taken. Thus, when an executor dies intestate, administration shall be granted to the residuary legatee of the first testator. *Ventris* 316. So, A bequeathed several legacies in money to several persons, and after *all, the residue of my movable goods and chattels* to B, his wife, and makes her executrix, and having divers *bond debts* due to him, dies ; B dies the same day, *before probate of the will ;* administration of the goods of A, *cum testamento annexo,* was granted to C, next of kin of B ; administration to C was revoked by delegates, and granted to D, the next of kin of A, *cum testamento annexo, &c.* ; because, by the devise of *all my movable goods and chattels,* debts, which are *jura, were not devised,* therefore administration shall be granted to the next friends of A. But if *all the goods, chattels and debts* were devised, and no residue, then otherwise. *Jenk.* 246, *pl.* 40. So if A devises all his goods to B, and makes C his executor, A dies, C dies intestate ; the administration of the goods of A shall not be committed to the wife or next of blood of A, but to B. *Vin. Ab. tit. Executors* 89, *Letter K., No.* 16.

It has been held under the statutes of 31 *Edw.* 3, and 21 *Henry* 8, that all temporary administrators are equally out of the statutes, and in such administrations the ordinary is not bound to grant them to the next of kin. 2 *P. Wms* 581 ; Bryers *v.* Goddard, *Heb.* 250 ; Thomas *v.* Buller, 1 *Vent.* 219. Nor can I believe that the legislature, in the act of 1832, intended to restrict, in this particular, the right of election which the register had under these statutes. In many cases, for obvious reasons, it would be improper, where the will was in contest, to appoint the next of kin.

Decree affirmed.