## THE MUTUAL BUILDING AND LOAN ASSOCIATION v. HORACE HAMMELL ET AL.

Similar points were reserved in this case with those above decided, and a like rule may be entered.

## JOSHUA BENSON v. JOHN WOLF, ADMINISTRATOR PENDENTE LITE OF JOSEPH L. LEWIS, DECEASED.

An action will lie against an administrator *pendente lite*, to recover for services rendered to the decedent in his lifetime.

On motion for new trial.

The state of the case presents these facts: This action is brought to recover the value of services rendered, as alleged, by the plaintiff to the decedent, Joseph L. Lewis, in his lifetime. The will of said Joseph L. Lewis was propounded for probate in the Prerogative Court, caveats were filed, and litigation ensued thereon which has not yet ended. John Wolf, the defendant in this suit, was appointed by the Prerogative Court, administrator *pendente lite*.

It is insisted on the part of the defendant that no such action lies against him as administrator *pendente lite*. This single question is submitted to the court under the rule to show cause for new trial.

Argued at November Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the plaintiff, *John Linn*.

For the defendant, *R. Gilchrist* and *Cortlandt Parker*.

The opinion of the court was delivered by

SCUDDER, J.    Whatever doubt and uncertainty there may have been formerly on the question propounded in the statement of this case, there would seem to be none now, and the counsel for the defendant frankly admitted in the argument that the words of our statute appear to be against their position.    If the construction of the statute is the only matter to be determined, and I think that must settle the question, then the answer of the court can be very easily given.

Section 7 of the act concerning executors and the administration of intestates' estates, (*Rev., p.* 397,) reads, " that *administrators, of whatever kind or description they may be,* shall have actions to demand and recover, as executors, the debts due to the person deceased, *and shall answer to others,* to whom such deceased person was holden and bound, in the same manner as executors shall answer, and shall be accountable as executors are, in case of testament, as well of the time past as of the time to come."

The expression used, " administrators, of whatever kind or description they may be," is broad enough to include not only those appointed under general letters of administration, but those for special administration, as *cum testamento annexo* and *de bonis non*, but also the cases of limited administration, as *durante minore ætate, durante absentia, pendente lite*, and other temporary administrations appointed by a probate court.    All of these forms of administration were known and used in the ecclesiastical, prerogative, surrogate and probate courts, here and elsewhere, prior to the passage of this act, March 2d, 1795, (*Paterson's Laws, p.* 154,) and the statute must be construed with reference to such knowledge and user, in the courts having jurisdiction of the administrators of the estates of decedents.    But this is not all the certainty we have, for this law is its own interpreter, and in section 10 of the same

act, after giving the form of the bond to be taken in the case of a general administration, it adds, " that the like bonds, with conditions suited to the nature of the respective cases, shall be given by administrators *durante minore ætate, durante absentia, pendente lite, cum testamento annexo,* or by whatever other name or description they may be known and distinguished." *Rev., p.* 761. All of these different forms of administration were therefore in remembrance, and within the scope of the legislative purpose, when this law was enacted.

Chief Justice Hornblower, in *Cole* v. *Wooden,* 3 *Harr.* 15, says that administrators *pendente lite,* by the eighth section of the above act, may have all actions to demand and recover, as executors, the debts due to the deceased, until the suit concerning the will is terminated. This construction of the power given to such administrators under this act and of its application to them, will admit of no doubt, and if they may have actions, they shall also, in the words of the statute, answer to others to whom the deceased was holden and bound. If it be asked, as it was upon the argument, how shall such an administrator answer, and what judgment can be rendered against him if the plaintiff should succeed in his action ? the reply is found in the eighth section, that it shall be in the same manner as executors shall answer. This must be done so long as the office shall continue, and until its purpose is accomplished. He must plead, defend, and suffer judgment as an executor may, and the assets of the decedent's estate may be bound by the result.

It is a mistake to suppose that an administrator *pendente lite* is an officer of the court making the appointment, merely to keep safely the goods of the decedent during the controversy concerning the granting letters of administration or letters testamentary; that he is only a stakeholder, and that no action can be brought by him, or sustained against him, except by permission of the courts. The duties and powers of the office are not thus limited either by the statute to which reference has been made, or by the practice of the court. He not only holds the property until the suit terminates, but he may

maintain actions for recovering debts due the deceased, collect his effects, and even obtain the possession of a leasehold estate by ejectment; but his power does not extend either to vest or distribute the proceeds. As incident to his office he may sue and be sued, collect and pay debts, but he cannot pay legacies or make distribution of the estate, for the rights of the parties claiming the fund and its distribution are in litigation, and he may not anticipate the result. When these rights are established his functions cease, and he must pay over all he has in hand, in his character of administrator, to the persons pronounced by the court to be entitled, for further administration and distribution. He may perform all such acts as cannot be delayed without prejudice or danger to the estate, and creditors will not be obliged to postpone their actions until they may be prejudiced in the collection, or barred by the statute of limitations, while the parties interested in the estate or its administration are litigating their rights. 1 *Wms. on Ex'rs* *433; *Tol. on Ex'rs* 404; *Walker* v. *Woolaston,* 2 *P. Wms.* 576; *Wills* v. *Rich,* 2 *Atk.* 285; *Knight* v. *Duplessis,* 1 *Ves., Sr.,* 325; *Ball* v. *Oliver,* 2 *Ves. & B.* 96; *Stanley* v. *Bernes,* 1 *Hagg.* 221; *Davis* v. *Chanter,* 2 *Phillips* 545; *Godrich* v. *Jones,* 2 *Curt.* 453; *Ellis* v. *Deane,* 1 *Beat.* 5; *Gallivan* v. *Evans,* 1 *Ball & Beat.* 191; *Adair* v. *Shaw,* 1 *Sch. & Lef.* 243; *State* v. *Craddock,* 7 *Harr. & Johns.* 40; *Commonwealth* v. *Huston,* 16 *S. & R.* 416; *Ellmaker's Estate,* 4 *Watts* 34; *Hinkle* v. *Eichelberger,* 2 *Penna. St.* 484.

In Walker v. Woolaston, it was said that all these temporary administrations, though out of the statutes of 31 *Edw. III.,* c. 11, and 21 *Hen. VIII.,* c. 5, empowering an administrator to sue, are yet allowed to be within the equity of these statutes for the ease and convenience of the subject which ought to be considered, and accordingly an administrator *pendente lite,* touching a will, may maintain actions for recovering debts due to the deceased.

Under the English Probate act of 1857, (20 and 21 *Vic.,* c. 77, § 70,) ample power is given to the Probate Court to appoint an administrator *pendente lite* to protect the property of the

deceased, and to collect and pay debts, pending the litigation. *Hilchen* v. *Birks*, L. R., 10 *Eq. Cas.* 471; *Tichborne* v. *Tich-* *borne*, L. R., 2 P. & D. 41; *In goods of Maria Dawes*, Id. 147; *Wright* v. *Rogers*, Id. 179.

I can see no difficulty in giving a like construction to our statute in the power conferred on an administrator *pendente lite*, whereby he is enabled both to sue and be sued until the litigation is ended, when, as in this case, a general power of administration *pendente lite* is given by the decree of the Prerogative Court. Such administration is distinguishable from the cases of special administrators appointed by the Ordinary for a single act or particular purpose, *ad prosequendum*, or the like, as was done in *Lothrop's Case*, 6 *Stew.* 246. When the office is thus limited, its power will not be extended beyond the special purpose of the appointment.

The rule to show cause will be discharged.